UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JEFFREY CHAMBERS,

    Plaintiff,

v.                                                                       Hon. Robert J. Jonker

HOLLAND, CITY OF, et al.,                        Case No. 1:21-cv-00123

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff initiated this matter on February 5, 2021, against the City of Holland, Juanita Bocanedra and Derek Dalman. Plaintiff alleges that on January 13, 2021, he was found guilty of "talking" in a misdemeanor criminal ordinance enforcement action brought by the City of Holland in state district court. Plaintiff alleges that his Constitutional rights were violated during, or as a result of, the proceeding. He seeks relief from all of the state-court's orders, requests that the Court remove the state-court judge from the bench and disbar the City's attorney.  Having granted Plaintiff's motion to proceed as a pauper, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, I recommend that Plaintiff's complaint be dismissed as *Heck*-barred and for failure to state a claim upon which relief may be granted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's

allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of his Constitutional rights in the state-court proceeding, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a

cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

Apart from being *Heck*-barred, Plaintiff's allegations against Judge Bocanedra and City Attorney Derek Dalman are no more than legal conclusions without supporting facts. Evaluated pursuant to the aforementioned standard, the Court concludes that Plaintiff's complaint, even if accepted as true, fail to rise to the standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) to state a claim upon which relief may be granted in this court. In addition, to the extent Plaintiff seeks damages against Judge Bocanedra, his claims are barred by the doctrine of absolute judicial immunity, as Plaintiff's allegations indicate that the actions she took were in her judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991). Similarly, City Attorney Dalman is entitled to prosecutorial immunity to the extent his conduct is associated with the judicial phase of the criminal process, which is what Plaintiff appears to allege. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Furthermore, this Court has no authority to remove a state-court judge from the bench. *See Toutges v. McKaig*, No. 3:19-CV-352, 2019 WL 5865642, at *5 (E.D. Tenn. Nov. 8, 2019) ("As an overarching matter, the Court notes that it does not have legal authority to intervene in a pending state court action, compel a state court judge to rule differently, or remove a state court judge from a case.").

## CONCLUSION

For the reasons articulated herein, I recommend that Plaintiff's *Heck*-barred claims be **dismissed without prejudice** and that his claims against Judge Bocanedra and City Attorney Derek Dalman be **dismissed with prejudice**. The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1961), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that the undersigned recommends dismissal of the action, the undersigned discerns no good faith basis for an appeal and recommends that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: February 8, 2021             /s/ Sally J. Berens
                                                    SALLY J. BERENS
                                                    U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).